UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TODD MADSEN,

      Plaintiff,

v.                                                                Case No.  1:25-cv-461

COMMISSIONER OF SOCIAL                       Hon. Jane M. Beckering
SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's decision denying benefits.  The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Judgment (ECF No. 16).  This matter is before the Court on the parties' stipulation (ECF No. 17) and proposed order (ECF No. 17-4) for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $5,000.00 and plaintiff's "Motion to request ruling on pending attorney's fees" (ECF No. 18).

    **I.**      **Discussion**

The EAJA provides in relevant part that  "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney

1

fees.  28 U.S.C. § 2412(d)(2)(A).  Eligibility for a fee award in a civil action "requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust."  *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).  Here, plaintiff has met the elements to be eligible for an EAJA award, *i.e.*, plaintiff is the prevailing party, the government does not contest plaintiff's contention that its position was not "substantially justified," and no special circumstances exist in this case to make an award unjust.  *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of reasonable attorney fees to be awarded in this case.  The EAJA provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

"[I]t is a court's responsibility to determine whether or not and at what level attorney's fees are appropriate in an EAJA case."  *Design & Production, Inc. v. United States*, 21 Cl. Ct. 145, 151-52 (1990).

> This determination rests squarely within the discretion of the judicial officer, who must or "shall award" to a prevailing party fees and costs. In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.

*Id.* at 151-52.

For reasons discussed in past orders, this Court has determined that the appropriate adjusted hourly rate for Social Security Appeals is $204.75.  "Once a court makes the threshold

determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Commissioner of Social Security*, 826 F.3d 878, 881 (6th Cir. 2016). "The lodestar—used to calculate attorney fees under a variety of different statutes—is the product of the number of hours billed and a reasonable hourly rate." *Id*. (internal quotation marks omitted). The timesheet submitted to the Court reflects that multiple individuals worked on this matter. The total billable time amounts to 25.3 hours, with 18.3 attorney hours at $260 per hour ($4,758.00) and 7 paralegal hours at $120.00 per hour ($840.00) (ECF No. 17-2). The time spent by plaintiff's counsel falls within the range of time typically spent on Social Security Appeals.[1]  This case involves two different fees to read the lodestar amount.  Using the rate typically allowed by this Court, the EAJA fee would be $4,586.93, while using the attorney's higher requested rate, the EAJA fee would be $5,598.00.  The parties state that the stipulation for the $5,000.00 EAJA fee "constitutes a compromise settlement of Plaintiff's request for attorney fees under the EAJA."    Stipulation at PageID.189.  The parties have not explained the "compromise" they reached.  Presumably, the parties entered the stipulation to avoid further litigation on the amount of EAJA fees, during which plaintiff's counsel would incur additional fees to collect from the government.  Here, the stipulated fee of $5,000.00 falls within the reasonable range for EAJA fees awarded in Social Security Appeals and is appropriate under the facts of this case.

---

[1] *See Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case").

**II.      RECOMMENDATION**

Accordingly, I respectfully recommend that plaintiff's motion (ECF No. 18) be

**GRANTED** and the parties' stipulation (ECF No. 17) and proposed order (ECF No. 17-4) be

**APPROVED**.


Dated:   March 16, 2026                    /s/ Ray Kent
                                           Ray Kent
                                           United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).